# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1580
_____

United States of America

*Plaintiff - Appellee*

v.

Conrad Fred Taylor, Jr., also known as C.J.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: December 4, 2020
Filed: December 11, 2020
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

    Conrad Taylor received a 144-month prison sentence after he pleaded guilty to conspiracy to distribute cocaine.  21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846.  In an *Anders* brief, Taylor's counsel requests permission to withdraw and raises the denial of an acceptance-of-responsibility reduction as an issue for our review.  *See Anders v. California*, 386 U.S. 738 (1967); U.S.S.G. § 3E1.1.  Taylor has also filed two pro

se briefs in which he challenges a career-offender enhancement, the sufficiency of the evidence, and the failure to suppress evidence. We affirm.

Taylor is foreclosed from raising the latter two challenges by a broad appeal waiver in the plea agreement that covers "all . . . objections" to his conviction. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc). Based on prior felony assault and drug convictions, he also qualifies as a career offender. *See* U.S.S.G. § 4B1.1(a) (defining a "career offender" as someone who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense"); *United States v. Clayborn*, 951 F.3d 937, 940 (8th Cir. 2020) (recognizing that a conviction of possession with intent to deliver under Iowa Code § 124.401(1)(d) is a controlled-substance offense); *United States v. Quigley*, 943 F.3d 390, 393–95 (8th Cir. 2019) (concluding that a conviction for assault with intent to inflict serious injury under Iowa Code § 708.2 qualifies as a crime of violence). Moreover, the district court[1] had reason to deny an acceptance-of-responsibility reduction after Taylor was caught with a controlled substance in jail. *See United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996) (holding that the district court may consider even "unrelated criminal conduct in denying an acceptance[-]of[-]responsibility reduction").

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75 (1988). We accordingly affirm the judgment, grant counsel permission to withdraw, and deny Taylor's pro se motion for appointment of counsel and discovery.

_____

---

[1] The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

-2-